30 So.2d 466

## WHITE v. STATE.
### 7 Div. 876.

Court of Appeals of Alabama.
March 18, 1947.

Rehearing Denied April 15, 1947.

Robinson & Parris, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

**94**

BRICKEN, Presiding Judge.

The evidence in this case, as adduced in the court below, is without dispute or conflict. The defendant offered no testimony.

The evidence for the State tended to show conclusively, under the required rule, that the defendant committed the crime charged in the indictment.

■ The insistence that the corpus delicti was not sufficiently proven cannot be sustained. The trial court properly so held, and the record shows, the evidence as to this was ample in every respect.

The indictment contained two counts. The verdict of the jury finding the defendant guilty was referable to the first count, which was in words and figures as follows: "The Grand Jury of said County charges that before the finding of this indictment Dewey White, whose name to the Grand Jury is otherwise unknown than as stated, feloniously took and carried away one gray Griffon suit of men's clothes of the value of Twenty five Dollars and Twenty five Cents ($25.25), the personal property of Ike Saks Clothing Company, a corporation, a further and better description of said property being to the Grand Jury unknown, contrary to law."

■ Demurrer to the indictment was properly overrruled; it was proper in form and substance, it was also in the form prescribed in the Code 1940, Title 15, Section 259, form 66. Furthermore, said indictment was in strict compliance with Title 15, Section 232, Code of Alabama 1940, which section reads as follows: "§ 232. Statement of offense.—The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment; and in no case are the words 'force of arms' or 'contrary to the form of the statute' necessary."

■ Earnest counsel for appellant insists the court erred in refusing to defendant written charges (A) and (C), but no error appears in this connection as these two charges were fairly and substantially covered by written charge 13 "given" by the court as requested by defendant.

■ The judgment of conviction, as appears of record, meets every requirement of law and is regular in every respect. This judgment cannot be impeached in the manner attempted in the motion for a new trial, in support of which no evidence was introduced.

There are other insistences of error, all of which we have carefully considered but find no merit in any of them.

The trial court delivered a full, able and comprehensive oral charge to the jury that fairly covered every phase of the law involved in this case. It is clearly apparent the able jurist who tried this case was fair and impartial throughout the entire trial. Finding no reversible error in any of the rulings of the court, it follows that the judgment of conviction from which this appeal was taken is due to be affirmed. It is so ordered.

Affirmed.